No. 45,237

STATE OF KANSAS, *Appellee*, v. BASIL TERRY, *Appellant*.

(451 P. 2d 211)

Opinion filed March 8, 1969.

*Lane H. Cronhardt,* of Hutchinson, argued the cause and was on the brief for the appellant.

*Raymond F. Berkley,* County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, C. J.: Defendant appeals from a conviction of murder in the first degree.

Only one contention is made—that the trial court erred in permitting the testimony of two of the state's witnesses given at the preliminary examinaion to be read to the jury at the trial of the case.

A brief summary of the facts will bring the sole question into clear focus.

On a night in December 1966 one Jerry Peoples, an inmate of the Kansas State Industrial Reformatory, was stabbed to death in his cell. Defendant, Basil Terry, also an inmate of the institution, was charged with the offense. A preliminary examination was held on January 10, 1967. Defendant was present in person and represented by Mr. E. Dexter Galloway, an experienced member of the Reno county bar. A certified shorthand reporter was present and reported the proceedings. Two of the state's witnesses were Floyd Henry Law and Leroy Walburn, who, on the night in question, also were inmates of the institution and cellmates of defendant. Their testimony of events immediately leading up to the stabbing need not be detailed. It is sufficient to say that according to them it was defendant who committed the act.

Both Law and Walburn were cross-examined extensively by defendant's counsel.

At the conclusion of the hearing defendant was bound over to the district court for trial.

The trial was held in April 1967, and Mr. Galloway continued to represent defendant.

During the course of the trial Law and Walburn were called as witnesses for the state. Although they were granted immunity from prosecution—each of them flatly refused to testify—either for the state or defendant.

After laying a proper foundation the state—over objection of defendant—introduced the official transcript of the testimony of Law and Walburn given at the preliminary examination—and the

reporter who took down the testimony read it—both direct and cross-examination—to the jury.

In addition to their testimony the state also introduced evidence of an oral confession made by defendant to the investigating officers in which he described in detail the events and circumstances of the fatal stabbing. No complaint as to this evidence is made in this appeal.

The jury returned a verdict of guilty of murder in the first degree and fixed the penalty at life imprisonment.

Defendant's motion for a new trial—containing numerous grounds —was overruled and sentence was imposed.

Subsequently, Mr. Lane H. Cronhardt, an experienced member of the Reno county bar, was appointed to represent defendant in this appeal. In his brief he states that he has studied the trial transcript and has determined that only one point has merit— that being the issue involving the introduction at the trial of the testimony of Law and Walburn given at the preliminary examination.

The Sixth Amendment of the United States constitution provides that—

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, . . . and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; . . ."

Section 10 of the Bill of Rights of the Kansas constitution provides that—

"In all prosecutions, the accused shall be allowed to appear and defend in person, or by counsel; to demand the nature and cause of the accusation against him; to meet the witness face to face, . . ."

The basic and primary reason underlying the constitutional "confrontation" rule is to give a defendant charged with crime an opportunity to cross-examine the witnesses against him ( *Pointer v. Texas,* 380 U. S. 400, 13 L. Ed. 2d 923, 85 S. Ct. 1065).

The authorities—both federal and state—however, are in general agreement as to an exception to the confrontation requirement— that is—where a witness is unavailable and has given testimony at a previous judicial proceeding against the same defendant which was subject to cross-examination by that defendant—the testimony of such witness, may, upon a proper showing and foundation—be introduced at the subsequent proceeding. The exception has been explained as arising from practical necessity and justified on the

ground that the right of cross-examination initially afforded provides substantial compliance with the purposes behind the confrontation requirement (*Barber v. Page,* 390 U. S. 719, 20 L. Ed. 2d 255, 88 S. Ct. 1318 [April 23, 1968]; C. J. S. Criminal Law § 892, p. 506 *et seq.;* 21 Am. Jur. 2d, Criminal Law § 343, p. 371; *The State v. Nelson,* 68 Kan. 566, 75 Pac. 505, 1 Ann. Cas. 468; *The State v. Harmon,* 70 Kan. 476, 78 Pac. 805; *The State v. Simmons,* 78 Kan. 852, 98 Pac. 277; *The State v. Stewart,* 85 Kan. 404, 116 Pac. 489; *State v. Bonskowski,* 180 Kan. 726, 308 P. 2d 168; *State v. Brown,* 181 Kan. 375, 312 P. 2d 832; *State v. Guthrie,* 192 Kan. 659, 391 P. 2d 95; *State v. Lesco,* 194 Kan. 555, 400 P. 2d 695, cert. den. 382 U. S. 1015, 15 L. Ed. 2d 529, 86 S. Ct. 628).

In several of the cited cases it was the testimony given at a preliminary examination which was later admitted at the trial. For example—see the *Bonskowski* case at pages 728 and 729. Also, see, *State v. Brown,* above, Syl. 6.

Even though the testimony given at a prior trial or a preliminary examination was subject to cross-examination by a defendant—the authorities are in accord that in order for it to be admissible in a subsequent criminal proceeding it must be shown that the witness who gave such testimony is unavailable at the subsequent proceeding (*Barber v. Page,* above).

This leads to the question concerning when and under what circumstances is a witness "unavailable."

In *The State v. Stewart,* above, it was held—

"The testimony of a witness, voluntarily given in the preliminary examination of the charge on which the accused is on trial, is admissible in evidence where the accused had full opportunity to cross-examine the witness and the direct testimony of the witness had become absolutely unavailable to a party by reason of such witness claiming the statutory privilege of withholding his direct testimony because of being the husband of the accused." (Syl. 6.)

and in the opinion it was said—

"In this instance the witness was living and was present at the trial, but he claimed his statutory privilege and declined to testify against his wife. . . . He had voluntarily testified in the preliminary examination in her presence and where the accused was given full opportunity to cross-examine him and to test the accuracy and truth of his statements. That testimony had been reduced to writing, and thus preserved and perpetuated for future use. It was voluntarily given by a competent witness. It was legal evidence when given. It was a closed and completed thing, capable of reproduction, and was available in subsequent trials in cases where it was the best evidence obtainable. His refusal to testify *viva voce* at the trial made the information which he had formerly

given as inaccessible to plaintiff as if he had been dead or out of the jurisdiction of the court.

"It is sometimes said that the testimony of a witness at a former trial cannot be read if he is present at the trial, but its admissibility does not depend so much on the presence or availability of the witness as it does on the availability of the testimony; and the testimony of Stewart was just as unavailable as if he had walked over the state line where process could not be served upon him." (pp. 414, 415.)

In *People v. Pickett*, 339 Mich. 294, 63 N. W. 2d 681, reported at 45 A. L. R. 2d 1341, a witness who had testified at defendant's preliminary examination and was subject to cross-examination—although granted immunity—refused to testify at the trial on grounds of self-incrimination. The use of the prior testimony was held proper upon the ground that, having refused to testify, the witness was just as "unavailable" as if he had been absent from the jurisdiction. (Certiorari was denied at 349 U. S. 937, 99 L. Ed. 1266, 75 S. Ct. 781.) Also see the Annotation at 45 A. L. R. 2d 1354.

In view of the rules laid down in the many decisions, discussion of K. S. A. 60-459 and 60-460 as they relate to the "unavailability of a witness" would serve no purpose. And, under the facts—it is unnecessary to discuss defendant's contention that a preliminary examination is not a "trial" (*Coats v. State*, 196 Kan. 607, 413 P. 2d 81).

We now apply the foregoing rules to the facts before us:

Both Law and Walburn testified under oath at defendant's preliminary examination. Defendant was present and represented by counsel. Each of the witnesses was cross-examined extensively. A stenographic record of the testimony was made and preserved. At the trial—although granted immunity—each flatly refused to testify. Under the circumstances, therefore, each of these witnesses was just as "unavailable" as though his physical presence could not have been procured—for, as a practical matter—his testimony was unavailable—thus bringing the matter clearly within the exception to the constitutional confrontation rule.

The trial court did not err in admitting the testimony of witnesses Law and Walburn given at the preliminary examination. The judgment is affirmed.