UNITED STATES of America, Plaintiff-Appellee,

v.

Ramiro GONZALEZ, Defendant-Appellant.

No. 76–3823.

United States Court of Appeals, Fifth Circuit.

Sept. 28, 1977.

Joe A. Cisneros, Fortunato P. Benavides, McAllen, Tex., for defendant-appellant.

James R. Gough, U. S. Atty., George A. Kelt, Jr., Mary L. Sinderson, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before THORNBERRY, AINSWORTH and RONEY, Circuit Judges.

RONEY, Circuit Judge:

This case involves the question of whether the grand jury testimony of a previously convicted coconspirator who refuses to testify at trial is admissible against a criminal defendant. We hold that the transcript is inadmissible hearsay because it does not qualify either as a statement against interest, Fed.R.Evid. 804(b)(3), or as a statement with "equivalent circumstantial guarantees of trustworthiness," Fed.R.Evid. 804(b)(5).

The facts reflect a typical marijuana importation plan along the Texas border. Rogelio Guerrero was hired to drive a truck to a certain spot, wait for it to be loaded, and then drive it to a designated place to be turned over to someone else. In common parlance, he was hired as a "mule," to be paid $500 for transporting some 2,160 pounds of marijuana.

The plan was unsuccessful and several participants were arrested, including Guerrero. At the time of his arrest, Guerrero said that he had been hired by a Mexican male, whom he would not identify. Subsequent to his conviction for possession with intent to distribute, 21 U.S.C.A. § 841(a)(1), for his role in this scheme, he was called before the grand jury and asked who had hired him. After agonizing over the dilemma of either testifying and exposing his family and himself to retaliatory injury by other criminals, or not testifying and incurring prolonged confinement by the Government for contempt, Guerrero eventually answered the leading questions of the prosecuting attorney to "finger" defendant Ramiro Gonzalez.

When Gonzalez came to trial, however, Guerrero refused to testify, even though he had already been convicted, was granted immunity, and was ultimately found in contempt. Deciding that Guerrero was "unavailable" as a witness within the meaning of Fed.R.Evid. 804, the district court thereupon admitted into evidence that portion of the grand jury transcript in which Guerrero identified defendant Gonzalez as the man who had hired him to drive the truck. The other evidence which tended to connect defendant with the importation was slight enough to make Guerrero's grand jury testimony crucial. This appeal poses the issue of whether the grand jury testimony could be properly used to convict Gonzalez.

Guerrero was clearly "unavailable" under Fed.R.Evid. 804(a). " 'Unavailability as a witness' includes situations in which the declarant . . . (2) persists in refusing to testify concerning the subject matter of his statement despite an order of

the court to do so." Here, of course, Guerrero did so refuse and the court found him in contempt.

The Rule provides that certain statements are not excluded by the hearsay rule when the declarant is unavailable. The first of those provisions relied on by the Government is Fed.R.Evid. 804(b)(3), which codifies the "statement against interest" exception to the hearsay rule. It makes admissible "[a] statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, that a reasonable man in his position would not have made the statement unless he believed it to be true." *See also United States v. Bagley,* 537 F.2d 162 (5th Cir. 1976), *cert. denied,* 429 U.S. 1075, 97 S.Ct. 816, 50 L.Ed.2d 794 (1977).

We conclude that this section did not render Guerrero's out-of-court statements admissible. First, since he had been convicted and given immunity, Guerrero's statement could not subject him to criminal liability. In addition the pressures put on him by the prosecutor and the grand jury to testify would seem to make the giving of testimony to be in his best interest, rather than against it. As the Advisory Committee on the Federal Rules of Evidence noted, "a statement admitting guilt and implicating another person, made while in custody, may well be motivated by a desire to curry favor with the authorities and hence fail to qualify as against interest." A complete reading of the grand jury transcript discloses that the witness was closely weighing whether it would be better for him to testify under the circumstances, or not to testify. He obviously decided it was to his best interest to testify. Given the prosecutor's offer of immunity for offenses concerning this marijuana transaction, the only civil or criminal liability that he could face at the time would occur if he did *not* testify. Thus whether he told the truth or not was incidental to what would happen to him if he did not say *something.* If he answered

the questions at the time, he would be free of the threat of contempt. The important thing to him was that he gave *an* answer, be it truth or not. Under these circumstances, it cannot be said that "a reasonable man in his position would not have made the statement unless he believed it to be true."

Another provision of the same Rule makes admissible "a statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness," if the court makes certain determinations regarding materiality, probative value, need for the evidence, and the interests of justice. Fed.R.Evid. 804(b)(5). The statement here fails to pass the test of "having equivalent guarantees of trustworthiness."

First, as we have observed, the pressure of the prosecutor and the members of the grand jury on the witness was such that it was incumbent upon him to come up with an answer, whether or not it was true. Second, Guerrero's answers were given to leading questions which would not have been permitted at trial. Fed.R.Evid. 611(c). Such questions are prohibited on the rationale that they might possibly distort the truth of the answers. Third, the fact that the witness was under oath, and subject to the penalties of perjury, loses any significance it might have in view of the threats made by the prosecutor that if the witness remained silent after being given immunity he could be repeatedly called before successive grand juries and given an unlimited number of repeated six-month contempt sentences if he did not testify. Fourth, being under fear that if he told the truth about who hired him physical harm might come to him and his family, Guerrero would have some incentive not to tell the truth. Fifth, the testimony was not cross-examined, was readily accepted at first telling, and was unsupported by detailed facts concerning Gonzalez.

In *United States v. Carlson,* 547 F.2d 1346 (8th Cir. 1976), *cert. denied,* 431 U.S. 914, 97 S.Ct. 2174, 53 L.Ed.2d 224 (1977), the court held admissible the grand jury testi-

mony of an unavailable witness under Fed. R.Evid. 804(b)(5). There, a coconspirator in a cocaine distribution scheme had named the defendants as his suppliers and customers when he testified before the grand jury. At trial, however, he refused to testify because of threats made against him by the defendant. That case differs from this in that here there were no threats of harm directly attributed to defendant Gonzalez. In *Carlson*, however, notwithstanding the threats, the witness was found in contempt by the district court, and his grand jury testimony was received in evidence.

The Eighth Circuit concluded there was " a strong indication of reliability in" that grand jury testimony. It first noted that the witness was under oath and subject to the penalties of perjury. There is no indication, however, that the witness there was confronted with the open-ended penalties for contempt with which Guerrero was repeatedly threatened in the instant case and that the witness was as unwilling or as reluctant as Guerrero to tell the truth at the time of testimony. The *Carlson* court then noted that the witness there specifically stated at the time of trial that he had told the truth to the grand jury, but was afraid to testify to that effect. There was no such specific reaffirmation by Guerrero in this case. We thus conclude that *Carlson* is distinguishable on the reliability of the grand jury testimony.

The statement having failed to pass the trustworthiness test of the "Other Exceptions" rule, it is not necessary to determine whether the admission would have been error because of the failure of the Government to meet the notice requirements of Fed.R.Evid. 804(b)(5) as defendant claims. That portion of the rule provides that "a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant."

The conviction being reversed because of the admission of the grand jury testimony in violation of the hearsay rule, it is not necessary to consider defendant's argument that the introduction of such evidence also violated his constitutional right to confrontation. The Government remains free to retry the defendant without the hearsay evidence.

REVERSED AND REMANDED.