No. 51,129

STATE OF KANSAS, *Appellee*, v. JOHN LOMAX and DANNY WILLIAMS, *Appellants.*

(608 P.2d 959)

Opinion filed April 5, 1980.

*Jay H. Vader,* of Jenkins, Way, Turner, and Vader, Chartered, of Kansas City, argued the cause, and *Robert E. Jenkins,* of the same firm, was with him on the brief for the appellants.

*Dennis L. Harris,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Nick A. Tomasic,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal in a criminal action in which the defendants-appellants, John Lomax and Danny Williams, were tried together and convicted by a jury of aggravated robbery (K.S.A. 21-3427) and aggravated battery (K.S.A. 21-3414). A third defendant, Cashley Woods, was tried at the same time, but the district court declared a mistrial after the jury could not arrive at a verdict.

This prosecution arose out of a robbery which occurred at a Kansas City residence on December 9, 1978, at approximately 8:30 p.m. The owner of the house, Leon Smith, was watching television with a young neighbor girl, Mary Ellen Bagby. Smith testified that in response to a knock at the door, he looked out the

window and saw the defendant, Lomax. Smith opened the door and three men rushed inside the house. He identified them as Lomax, Williams, and Woods. According to Smith, Woods was the last of the three to enter. He struck Smith in the forehead with a gun, knocking him to the floor. There was some dispute as to whether the other two robbers carried guns. Following their entry into the house, the robbers ransacked the residence, taking clothing, guns, and cash. The only real issue presented at the trial was the identity of the robbers. Lomax and Williams asserted the defense of alibi, claiming that at the time of the robbery they were playing cards at a friend's house. In addition to Lomax and Williams, three other witnesses testified in support of their alibi. The defendant Woods likewise denied that he was one of the robbers and presented his separate alibi. The jury found both Lomax and Williams guilty as charged. Both defendants took a timely appeal to this court.

The defendants' first point on the appeal is that the trial court erred in failing to instruct the jury on the lesser included offenses of robbery and battery. They contend the discrepancies in Smith's testimony raised doubts as to whether or not a gun was used by the robbers, thus requiring the trial court to give lesser included offense instructions. Defense counsel requested such instructions but the request was denied by the trial court on the basis that the evidence was undisputed that a gun was used in the robbery. The trial court concluded that since the only defense was alibi the defendants were either guilty of armed robbery or innocent of all charges. We have concluded that the trial court correctly denied the requested instructions. The evidence was clear that at least one of the robbers had a gun; in fact, Smith identified the weapon as a .38-caliber pistol. In addition, the evidence was undisputed that the victim Smith was struck in the head causing severe bleeding to the extent it was necessary to take him to the hospital. Under K.S.A. 21-3427, aggravated robbery is defined as a robbery committed by a person who is armed with a dangerous weapon *or* where bodily harm is inflicted upon any person in the course of such robbery. Here it is undisputed that the victim Smith suffered bodily harm in the course of the robbery. Hence, the offense would be aggravated robbery whether or not one of the robbers actually possessed a firearm. It is also apparent that the nature of the assault upon Leon Smith

was more serious than the offense of simple battery under K.S.A. 21-3412. Under that statute, battery is described as the unlawful, intentional touching or application of force to the person of another, when done in a rude, insolent or angry manner. Here the application of force was done in a manner whereby great bodily harm could have been inflicted. It follows that there was no reason to instruct on the lesser included offense of simple battery under K.S.A. 21-3412.

The defendants' second point on the appeal is that the trial court erred in admitting evidence of a 1973 conviction of the defendant Lomax of aggravated robbery in order to prove identity under K.S.A. 60-455. Prior to trial, Lomax's motion to suppress the prior crimes evidence was heard and denied. At the hearing on the motion, the State brought to the stand detective Parks of the Kansas City police department who testified that Lomax and two other men were involved in the armed robbery of the Prolerized Steel Company in Kansas City in September of 1973. According to Parks, Lomax was armed with a .32-caliber pistol. Lomax and his two confederates entered the business, ordered the employees to lie on the floor, threatened to kill anyone who did not, and proceeded to rifle the cash register. The court held this charge to be similar to the present case so as to tend to prove the identity of Lomax as one of the robbers in this case. At the trial, the State did not actually call detective Parks to testify but instead introduced the prior testimony of Lomax at the trial of a codefendant in the Prolerized Steel robbery. Lomax testified in substance that, while armed with a pistol, he entered the business, required the employees to lie on the floor, took cash, and left.

The rule is well established in this State that where a similar offense is offered for the purpose of proving identity, the evidence must disclose sufficient facts and circumstances of the other offense to raise a reasonable inference that the same person committed both of the offenses. *State v. Bly,* 215 Kan. 168, 523 P.2d 397 (1974). There is a comprehensive discussion on the subject of the admissibility of other crimes evidence in the comment to PIK Crim. 52.06 (1980 Supp.) contained in the January, 1980, Kansas Judicial Council Bulletin. This court on several occasions has determined the sufficiency of similarities to justify admission of other crimes evidence to prove identity under K.S.A. 60-455. *State v. Gourley,* 224 Kan. 167, 578 P.2d 713

(1978); *State v. Johnson,* 222 Kan. 465, 565 P.2d 993 (1977); *State v. Jackson,* 222 Kan. 424, 565 P.2d 278 (1977); *State v. Bly,* 215 Kan. at 177. In each instance, where other crimes evidence was offered to prove identity, the test applied was whether the factual circumstances of the two crimes were sufficiently similar to raise a reasonable inference that the same person committed both crimes. In ruling that the two crimes were sufficiently similar in this case, the trial court reasoned as follows:

"There is no doubt that there is a similarity in the two offenses, the prior offense and the present offense. In each instance, there were three individuals involved in the armed robbery acting in concert. In each instance—I am looking at State's evidence, and I am assuming that the State's evidence will be substantially what it was at the preliminary hearing. In each instance, at least one of the persons committing the armed robbery were armed with a deadly weapon, to wit: a gun. In each instance, at least one or more of the victims were told to lie on the floor. And in each instance, there was property taken. Also in each instance, the act occurred in Kansas City, Wyandotte County, Kansas. So that there is no doubt that there is considerable similarity, I grant you that the place where the two crimes were committed are different and that one was commercial or wholesale operation and the other was a residence."

We have concluded that the trial court erred in the admission of the evidence as to Lomax's prior conviction of aggravated robbery in 1973. The 1973 offense involved the robbery of a place of business; the robbery in the case at bar involved a residence. In 1973, Lomax went into the Prolerized Steel Company with the pretense of filling out an application for employment and then committed the robbery. In the present case, the three robbers entered the premises forcibly by crashing through the door. The robbery committed in 1973 was committed in the Armourdale district, an industrial district in central Kansas City, Kansas. The present offense was committed in the far northern district of Kansas City, a residential area. In the 1973 offense, only money was taken. Here the house was ransacked and several items of clothing were taken by the robbers. Suffice it to say, the only similarity in the two robberies was that in both at least one of the persons committing the armed robbery had a gun and in each instance at least one or more of the victims was told to lie on the floor. We cannot accept the ruling of the trial court that the crimes were sufficiently similar to raise a reasonable inference that the person who committed one of the crimes committed the other. We hold that the trial court committed error in the admission of the 1973 conviction.

We have also concluded that the admission of the evidence of Lomax's prior conviction cannot be held to be harmless error under the circumstances shown in this case. Leon Smith testified that he had poor eyesight and at times wavered in his testimony. We further note that five alibi witnesses, including Lomax and Williams, testified that the defendants were together at another place at the time the robbery occurred. We also must consider the fact that Mary Ellen Bagby, who was present at the scene, testified at the trial that she could not recall what happened and refused to identify the robbers. We also note that the jury was unable to agree on the guilt of defendant Woods, who had no prior convictions and relied on an entirely different alibi defense than did Lomax and Williams. In our judgment, the defendant Williams was also prejudiced by the admission of the prior conviction. Both Williams and Lomax relied upon the same alibi defense and the same alibi witnesses. Their defenses had to stand or fall together. Any prejudice to Lomax resulting from the admission of Lomax's prior conviction would necessarily prejudice the defense of Williams. Hence, we hold that the case must be reversed as to both defendants because of the improper admission of the prior conviction of the defendant Lomax in 1973.

The third point raised by the defendants on the appeal is that the trial court erred in not permitting defense counsel to cross-examine the State's witness, Leon Smith, concerning a charge of first-degree murder then pending against him in Wyandotte County. Prior to trial, the State had filed a motion *in limine* seeking to restrain defense counsel from cross-examining Smith about the pending charge. At the time of trial, Smith had apparently agreed to plead guilty to voluntary manslaughter as the result of plea negotiations. The trial court sustained the State's motion, holding evidence of the charge to be inadmissible to impeach Smith's credibility, because Smith's plea had not been accepted and there was no conviction as required by K.S.A. 60-421. We hold that the trial court was correct in ruling that the lack of a conviction rendered the evidence inadmissible to impeach Smith's credibility. K.S.A. 60-421 specifically requires a *conviction* before evidence of a crime is admissible for that purpose. *State v. Johnson,* 219 Kan. 847, 852, 549 P.2d 1370 (1976). We find no error on this point.

As their final point on the appeal, the defendants complain that

they were deprived of their constitutional right of confrontation by the State's presentation of the testimony of Mary Ellen Bagby previously given under oath in open court at Cashley Woods' preliminary hearing. That testimony was recorded on a tape recorder and later transcribed. Mary Ellen Bagby testified at Woods' preliminary hearing that she was present in the Smith home on December 9 at the time the robbery occurred. The substance of her testimony was that three black males entered the premises, struck Smith in the head with a gun, and committed a robbery. It was her previous testimony that she knew all three of the robbers and identified them as Cashley Woods, John Lomax, and Danny Williams. Prior to the trial, the prosecution informed the trial judge that Mary Ellen Bagby, a subpoenaed prosecution witness, had stated that she was not going to testify because she could not remember anything that occurred. The prosecutor moved the court to declare Bagby a hostile witness and that the State be permitted to ask her leading questions as to her prior testimony. Lomax and Williams vigorously objected to the admission of Bagby's prior testimony because they were not present and had no opportunity to cross-examine her at Woods' preliminary hearing. They pointed out that Mary Ellen Bagby did not testify at *their* preliminary hearing but only at the preliminary hearing of Cashley Woods. The court ruled that the prosecutor could cross-examine the witness on her prior inconsistent statements, if it appeared during the course of the direct examination that she was a hostile witness. When Mary Ellen Bagby took the witness stand, she was evasive and in response to all questions as to what occurred on December 9, 1978, testified that she did not remember anything. The prosecutor then proceeded to question Bagby in regard to her Woods preliminary hearing testimony. The prosecutor would read the question and answer which Bagby gave at the preliminary hearing. Her response at the trial was always the same; she did not remember or recall either the question or the answer. When it came time for defense counsel to examine the witness, the witness again answered that she did not remember anything.

The record reflects that Bagby's memory was adequate as to other events but she claimed a complete loss of memory as to the identification of the three defendants and the happenings that occurred on December 9 at Leon Smith's residence. It is the

defendants' contention that the introduction of Bagby's prior statements into the trial violated their right of confrontation of witnesses under the United States and Kansas Constitutions. They rely on *Pointer v. Texas,* 380 U.S. 400, 13 L.Ed.2d 923, 85 S.Ct. 1065 (1965); *State v. Hill,* 211 Kan. 287, 507 P.2d 342 (1973); and *State v. Terry,* 202 Kan. 599, 451 P.2d 211 (1969).

In *State v. Terry,* 202 Kan. 599, this court recognized that, under both the United States and Kansas Constitutions, a defendant charged with crime is entitled to a right of confrontation. The Sixth Amendment to the United States Constitution provides that in all criminal prosecutions the accused shall enjoy the right to be confronted with the witnesses against him. A similar provision in Section 10 of the Bill of Rights of the Kansas Constitution provides that in all prosecutions, the accused shall be allowed to meet the witnesses face to face. In *Terry,* we stated that the basic and primary reason underlying the constitutional "confrontation" rule is to give a defendant charged with crime an opportunity to cross-examine the witnesses against him. *Pointer v. Texas,* 380 U.S. 400. It also should be noted that, under K.S.A. 60-460(*a*), a statement, previously made by a person who is present at the hearing and *available for cross-examination* with respect to the statement and its subject matter, is admissible as an exception to the hearsay rule, provided the statement would be admissible if made by declarant while testifying as a witness.

In *State v. Fisher,* 222 Kan. 76, 563 P.2d 1012 (1977), K.S.A. 60-460(*a*) was considered in light of a criminal defendant's constitutional right of confrontation. In *Fisher,* this court held that the admission of a witness' out-of-court statement does not violate the right of confrontation, guaranteed by the Sixth Amendment to the United States Constitution and Section 10 of the Kansas Bill of Rights, as long as the declarant has been called and testifies as a witness and *is subject to full and effective cross-examination.* We emphasized that, in a criminal proceeding, the declarant must testify at the trial before testimony of hearsay evidence can be admitted under 60-460(*a*). In *Fisher,* it was held to be an abuse of discretion for the district court to find Mrs. Fisher was a turncoat witness without her first testifying contrary to her prior statements.

An exception to the confrontation requirement is that where a witness is unavailable at the trial and has given testimony at a

previous judicial proceeding against the *same* defendant which was subject to cross-examination by that defendant, the testimony of such witness may, upon a proper showing and foundation, be introduced at the subsequent proceeding. This exception has been explained as arising from practical necessity and justified on the ground that the right of cross-examination initially afforded in the previous hearing provides substantial compliance with the purposes behind the confrontation requirement. *State v. Terry,* 202 Kan. 599, Syl. ¶4. This exception is not available, however, where the absent witness' testimony was given at prior judicial proceedings involving other parties, where the accused was not a party to the prior trial and was thus given no opportunity to confront or cross-examine the witness either at the prior trial or at his own subsequent trial. *Nilva v. United States,* 352 U.S. 385, 1 L.Ed.2d 415, 77 S.Ct. 431, *rehearing denied* 353 U.S. 931 (1957). The Supreme Court of the United States has held that if a witness who testifies at a preliminary hearing is absent from the accused's trial, it violates the accused's right of confrontation to admit into evidence at the trial a transcript of the witness' preliminary hearing testimony where the accused had not been provided an adequate opportunity to cross-examine the witness at the preliminary hearing. *Pointer v. Texas,* 380 U.S. 400.

In the case now before us, Mary Ellen Bagby did not testify at the preliminary hearing of the defendants, Lomax and Williams, so as to afford them an opportunity to subject her to cross-examination. Her transcribed testimony, used by the State in this case, was her testimony at the preliminary hearing of Cashley Woods in which counsel for defendants, Lomax and Williams, did not participate. In order for such hearsay testimony to be admitted under K.S.A. 60-460(*a*) in a criminal proceeding against Lomax and Williams and in order to preserve their right of confrontation, it was necessary for the trial court to find that Mary Ellen Bagby was present at the hearing and subject to cross-examination in regard to her prior statement and its subject matter. This leads to the question concerning when and under what circumstances a witness is "available." There are a number of cases which provide a clear answer to this question.

In *State v. Oliphant,* 210 Kan. 451, 502 P.2d 626 (1972), it was held that where, at the trial, a declarant claims his privilege against self-incrimination, he is not available for cross-examina-

tion within the meaning of K.S.A. 60-460(*a*). In *State v. Stewart*, 85 Kan. 404, 116 Pac. 489 (1911), the witness, Stewart, was present at the trial but claimed his statutory privilege and declined to testify against his wife. He had voluntarily testified in the preliminary hearing in her presence. There the accused was given a full opportunity to cross-examine him and to test the accuracy and truth of his statements. His prior testimony at the defendant's preliminary hearing was admissible only if the witness was unavailable to testify. The court held that, under the circumstances, the testimony of the witness, Stewart, was just as unavailable as if he had walked over the state line where process could not be served upon him. In *Stewart*, the court observed that the admissibility of former trial testimony does not depend so much on the presence of the witness as it does on the availability of the testimony. Where a witness actually testifies at the trial about the subject matter of his prior statement, he is obviously available for cross-examination as required by K.S.A. 60-460(*a*). See for example *State v. Taylor*, 217 Kan. 706, 538 P.2d 1375 (1975).

In *State v. Potts*, 205 Kan. 47, 468 P.2d 78 (1970), a witness for the State, who had previously given a statement as to the circumstances of a robbery, took the stand. Most of his answers were extremely evasive. To some questions, he answered that he did not know, or that he could not remember. Counsel for the State requested permission to ask leading questions. The court declared the witness hostile and evasive and granted such permission. The defendant objected to the use of the witness' prior statements to attack his credibility, contending that the reading of the questions and answers from the former statement denied the accused his constitutional right to confront a witness testifying against him. The State conceded that the prior statements could not be used as direct evidence against the defendant but took the position that the statements could be used to impeach the witness. The court looked carefully at the testimony of the witness Sanders and held that there was no error in using the statements on cross-examination because the witness' testimony was at least in part affirmative, contradictory, and adverse to the State. In syllabus ¶3, in *Potts* it is stated as a principle of law that *the mere fact that a witness has failed to testify as expected does not warrant impeachment by proof of prior statements* in conformity

with what he was expected to testify, but the testimony given must be affirmative, contradictory, and adverse to the party calling him. The clear holding of *Potts* is that evidence of prior hearsay statements cannot be used to impeach a witness who simply refuses to testify or testifies that he cannot remember anything. In *State v. Terry,* 202 Kan. at 603, two witnesses, who had previously testified at Terry's preliminary hearing flatly refused to testify at the trial although granted immunity. Under those circumstances, we held that the testimony of each witness was just as "unavailable" as though his physical presence could not have been procured.

Certain federal cases also hold that where a prosecution witness refuses to take an oath or refuses to give testimony of any sort or responds with answers such as, "I don't recall" or "I don't know," his prior hearsay statements are not admissible under the constitutional confrontation rule. In *United States v. Fiore,* 443 F.2d 112 (2nd Cir. 1971), the court held that prior grand jury testimony of a witness who refused to testify at a subsequent trial was not admissible. Pointing out that the witness was not subject to cross-examination by the defendant because of his refusal to testify, the court stated that the admission of his grand jury testimony violated not only the hearsay rule but also the confrontation rule of the Sixth Amendment. In *Fiore,* the witness was placed on the stand by the prosecutor and, when asked if he had previously testified before the grand jury, answered, "I don't remember." There followed a protracted examination in which the prosecutor read portions of the grand jury testimony framed by the questions, "Were you asked the following questions and did you give the following answers?" The witness invariably gave such answers as, "I might have" or "I don't know whether I did or not." This line of questioning was held to be reversible error on the basis that the witness was not *available for cross-examination* as required by defendant's constitutional right of confrontation.

In *United States v. Gonzalez,* 559 F.2d 1271 (5th Cir. 1977), the court reversed a conviction for marijuana possession, holding that the grand jury testimony of a coconspirator who refused to testify at the trial was not admissible hearsay. The witness had already been convicted, was granted immunity, and was ultimately found in contempt when he refused to testify. The case was reversed on

the basis that the witness was unavailable as a witness under Fed. R. Evid. 804(a). The court did not consider it necessary to consider the defendant's argument that the introduction of such evidence violated his right to confrontation of witnesses. In the opinion in *Gonzalez,* reference is made to *United States v. Carlson,* 547 F.2d 1346 (8th Cir. 1976), *cert. denied* 431 U.S. 914 (1977), where the court held admissible the grand jury testimony of a witness who refused to testify because of threats directed against him by the defendant Carlson. The district court made a specific finding in that regard. On appeal, the court in *Carlson* held that the defendant Carlson had waived his right of confrontation since the witness' refusal to testify was procured by the accused. The court in *Gonzalez* refused to apply the exception stated in *Carlson* for the reason that there were no threats of harm directly attributed to defendant Gonzalez. It is important to note that, in the case now before us, there has been no finding by the trial court that the refusal of Mary Ellen Bagby to testify was the result of threats made to her by the defendants, Lomax and Williams.

Applying the basic principles discussed above to the facts of the case now before us, we have concluded that the witness, Mary Ellen Bagby, was not *available for cross-examination* by the defendants, Lomax and Williams. Hence, it was error to admit the prior testimony of Bagby presented at the preliminary hearing of Cashley Woods where the defendants, Lomax and Williams, were not afforded the right of cross-examination. Mary Ellen Bagby was obviously a recalcitrant witness from the beginning. She testified at the Woods preliminary hearing only when she was threatened with punishment for contempt. When called as a witness at the trial of Lomax and Williams, she again refused to testify stating that she could not recall what happened. Although she failed to testify as hoped for by the State, her testimony was not affirmative, contradictory, or adverse to the party calling her as required by *State v. Potts,* 205 Kan. 47. She simply refused to testify, claiming that she could not remember. We interpret the evidentiary record to establish a clear case where a witness simply refused to testify at the trial, using as a vehicle a claim that she could not remember what happened. This is not a case where a witness, acting in good faith, was unable to testify as to the subject matter of her prior statement because, through no fault of

her own, she had lost her memory in regard to such events. In view of the uncontradicted record before us, we are bound to follow the decisions of this court and of the federal courts which are discussed above. The prior testimony of Mary Ellen Bagby was not admissible for the reason that, although present at the hearing, she was not available for cross-examination. The admission of Bagby's testimony violated the defendants' right to confrontation as provided for in the United States and Kansas Constitutions. The case must, therefore, be reversed on this point.

The judgment of the district court is reversed and the case is remanded to the district court with directions to grant the defendants a new trial.

SCHROEDER, C.J., dissenting from Syllabus ¶¶ 2 and 3 and corresponding portions of the opinion.