NOT DESIGNATED FOR PUBLICATION

No. 117,448

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

PIDY T. TIGER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed September 14, 2018. Affirmed.

*Pidy T. Tiger*, appellant pro se.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., LEBEN, J., and BURGESS, S.J.

PER CURIAM: Pidy T. Tiger appeals the summary dismissal of his pro se K.S.A. 60-1507 motion by the district court. Tiger raises multiple errors by the district court as a result of its summary dismissal of his 60-1507 motion. Many of the issues raised lack merit, and as more fully set out below, we find the other points provide no relief for Tiger. We affirm.

FACTS

Tiger was convicted by a jury of his peers of rape and aggravated indecent liberties with a child from an incident occurring in November 2011 involving T.J., his 10-year-old niece. Tiger moved for a new trial and told the district court he did not feel his trial counsel adequately represented him at trial. The district court continued sentencing to allow Tiger to file a motion alleging ineffective assistance of counsel.

Tiger alleged his trial counsel (1) denied him the right to a speedy trial by agreeing to continuances without his permission, (2) was not prepared for trial, (3) failed to adequately communicate with him, (4) did not hire a DNA expert, and (5) did not interview N.J. or H.J., T.J.'s sisters, who were also in the room when the incident occurred. The district court appointed counsel and set the matter for an evidentiary hearing. Only Tiger and his trial counsel testified at the hearing.

The district court denied Tiger's motion for relief based on ineffective assistance of counsel. The district court sentenced Tiger to imprisonment for life without the possibility of parole for 25 years on each count of rape and aggravated indecent liberties with a child to run concurrently. Tiger appealed raising many trial errors. He also appealed the denial of his ineffective assistance of trial counsel claim. In *State v. Tiger*, No. 110,278, 2015 WL 1513955 (Kan. App. 2015) (unpublished opinion) (*Tiger I*), a panel of this court affirmed Tiger's convictions and affirmed the denial of his ineffective assistance of counsel claim.

Tiger also filed a pro se 60-1507 motion, but before the district court ruled on it, Tiger filed a second pro se motion for new trial alleging T.J. recanted her incriminating statements. The district court appointed Tiger counsel to address his motion for new trial. Tiger's motion for new trial was denied. Tiger appealed, and a panel of this court affirmed the denial of his motion for new trial. *State v. Tiger*, No. 116,852, 2018 WL

671374 (Kan. App. 2018) (unpublished opinion) (*Tiger II*), *petition for rev. filed* March 5, 2018.

Tiger now appeals the denial of his timely filed K.S.A. 60-1507 pro se motion, alleging several claims of error. Many issues briefed by Tiger are hard to follow, duplicative of each other, and are with limited or no rationale to support the claims. We have reorganized his claims and set them out below as follows:

Tiger claims the trial court erred when:

- It found his arrest was supported by probable cause and failed to suppress it;
- it allowed the State to refresh T.J.'s memory and by allowing T.J. to testify on a subject she had no independent recollection of;
- it did not give a cautionary eyewitness identification instruction;
- it admitted evidence of prior bad acts in violation of K.S.A. 2011 Supp. 60-455;
- it allowed the prosecutor to argue facts not in evidence; and
- it allowed the prosecutor to shift the burden of proof onto Tiger.

Tiger asserts his trial counsel provided ineffective assistance because:

- She did not spend sufficient time preparing for trial;
- she gave incorrect legal advice on his right to testify;
- she failed to move to suppress evidence obtained as a result of his illegal arrest;
- she failed to move to suppress T.J.'s coerced statements;
- she failed to cross-examine the victim "about facts demonstrating a total lack of propensity by the defendant to abuse children";
- she failed to call an expert to testify on proper child interview techniques; and

3

- she failed to object to the interviewing of T.J. by law enforcement officers in violation of Kansas state law.

As to his counsel on his motion for new trial (motion counsel), Tiger claims:

- He was ineffective for not arguing trial counsel was ineffective because she did not call an expert to testify about how improper interview techniques adversely affect the reliability of a child witness' statements; and
- he was ineffective because he did not have H.J. or N.J. testify at the motion for new trial. He alleged both were present in the room and did not see or hear anything inappropriate.

As to his appellate counsel, Tiger claims:

- Counsel was ineffective for failing to challenge speedy trial on its merits instead of as an ineffective assistance of counsel claim; and
- counsel failed to argue the district court's sua sponte voluntary intoxication instruction interfered with his right to a defense.

In this appeal, Tiger adds the following claims against his 60-1507 counsel who he alleges failed to:

- object when the district court violated his right under the Sixth Amendment to the United States Constitution to confront witnesses against him;
- present evidence of his innocence to the district court;
- argue his appellate counsel was ineffective for failing to argue the district court erred in admitting evidence of prior bad acts;

4

- amend his motion to allege appellate counsel was ineffective for failing to argue the State improperly used a memorandum to refresh T.J.'s memory, coercing her into giving perjured testimony; and

- allege his appellate counsel was ineffective for failing to argue an eyewitness evidence instruction was necessary.

Tiger further asserts the district court's ruling on his 60-1507 motion did not comply with Kansas Supreme Court Rule 183(j) (2018 Kan. S. Ct. R. 223).

The State responded to Tiger's motion arguing it should be dismissed. The district court appointed counsel and conducted a nonevidentiary hearing. At the hearing, Tiger's 60-1507 counsel stated he mailed the State's response to Tiger and was orally supplementing Tiger's motion with Tiger's responses to the State's arguments.

In a well-prepared, well-reasoned, and lengthy memorandum order, the district court examined each of Tiger's claims. It noted Tiger's motion contained five claims of trial error, six claims of ineffective assistance of counsel against his trial counsel, two claims of ineffective assistance of counsel against motion counsel, and two claims of ineffective assistance of appellate counsel. The district court denied each of Tiger's arguments after carefully explaining why each one lacked support in the record.

Tiger filed a motion to reconsider and a motion to amend his motion to reconsider. The district court denied both motions. Tiger appealed, and the district court appointed the appellate defender's office to represent him on appeal. Tiger subsequently moved to proceed pro se and another panel of this court granted his motion.

The balance of Tiger's complaints are centered around alleged errors by the district court, intermingled with arguments claiming ineffective assistance of his trial attorney,

motion counsel, appellate attorney, and 60-1507 attorney. We will address each in turn below.

ANALYSIS

*Issues Raised for the First Time on Appeal*

On appeal, Tiger briefs two additional issues he failed to raise before the district court. First, he argues the prosecutor committed reversible error during closing arguments by arguing facts not in evidence and shifting the burden of proof onto Tiger. He also argues there was insufficient evidence to support his convictions.

However, a 60-1507 motion is an improper vehicle for Tiger's prosecutorial error and insufficiency of the evidence claims. Under Kansas Supreme Court Rule 183(c)(3) (2018 Kan. S. Ct. R. 224),

> "[a] proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal."

Both prosecutorial error and insufficiency of the evidence are trial errors. Thus, they had to be raised on direct appeal unless they affect Tiger's constitutional rights. Even if we assume Tiger's alleged errors affected his constitutional rights, he failed to identify any exceptional circumstances excusing his failure to appeal these issues during his direct appeal. Thus, the issues are not properly before this court, and we decline to address Tiger's alleged prosecutorial error and insufficiency of the evidence claims for the first time on appeal.

6

*Tiger's ineffective assistance of trial counsel claims are barred.*

Tiger raises multiple claims of ineffective assistance of trial counsel but fails to address ineffective assistance of counsel in his brief. First, he contends the district court erred because it did not consider the totality of the circumstances when deciding his claim based on his trial counsel's failure to move to suppress evidence obtained as a result of his arrest. He also argues the district court erred in deciding this issue because it found his arrest was supported by probable cause. Tiger asserts his trial counsel was ineffective for failing to move to suppress the victim's statements and the district court erred because it did not properly apply Kansas Supreme Court precedent to the issue. Finally, Tiger suggests the district court erred because his trial counsel provided ineffective assistance of counsel by failing to cross-examine the victim about Tiger's propensity not to abuse children. In addition, Tiger sprinkles in claims his attorney failed to spend enough time with him preparing for trial, gave incorrect legal advice, failed to call an expert witness on child interview techniques, and failed to object to the interview of T.J., a minor victim, in violation of Kansas law.

Generally, ineffective assistance of counsel claims are not heard on direct appeal. That said, in *State v. Van Cleave*, 239 Kan. 117, 119-20, 716 P.2d 580 (1986), the Kansas Supreme Court held an appellant may seek remand from an appellate court so the district court can consider a claim of ineffective assistance of counsel without the delay and expense of a separate action and appeal. In *Van Cleave*, the Kansas Supreme Court noted, "[t]he issue arises . . . when new counsel enters the case *after* trial counsel has argued a motion for new trial and filed a notice of appeal." (Emphasis added.) 239 Kan. at 120.

In *Rice v. State*, 37 Kan. App. 2d 456, 464, 154 P.3d 537 (2007), Rice made ineffective assistance of counsel arguments in a *Van Cleave* proceeding. The Kansas Supreme Court had previously found Rice's counsel was deficient but Rice did not show the error was sufficiently prejudicial to justify reversal in *State v. Rice*, 261 Kan. 567,

607-09, 932 P.2d 81 (1997). Rice then raised new ineffective assistance of counsel claims in a 60-1507 motion. The district court found Rice was trying to relitigate an issue and dismissed his 60-1507 motion. On appeal, Rice argued a direct appeal adjudication of ineffective assistance of counsel claims did not procedurally bar a later 60-1507 motion when new claims of ineffective assistance of counsel claims were made. The panel found his argument unpersuasive and held:

> "[W]hen an appellant effects a *Van Cleave* remand during the direct appeal for the purpose of adjudicating the effectiveness of trial counsel, the appellant is procedurally barred from relitigating the effectiveness of trial counsel in a 1507 motion, absent exceptional circumstances." *Rice*, 37 Kan. App. 2d at 464.

Here, while Tiger did not seek a remand for a *Van Cleave* hearing on direct appeal, his ineffective assistance of counsel claims are still barred. Before sentencing, Tiger moved for relief based on ineffective assistance of trial counsel. The district court appointed counsel and conducted a full evidentiary hearing regarding his ineffectiveness of trial counsel claims. Like Rice, Tiger already had the opportunity to litigate these issues and should have fully litigated the issue in his first motion for relief based on ineffective assistance of counsel prior to sentencing before the district court. Tiger had his day in court on this issue; he is procedurally barred from relitigating the effectiveness of his trial counsel as the issue was previously raised and denied. *Tiger II*, 2015 WL 1513955, at *12.

*Motion counsel did not provide ineffective assistance of counsel.*

Next, Tiger argues the district court erred when it found motion counsel was not ineffective. Tiger claims motion counsel failed to argue that trial counsel was ineffective because she did not call an expert to testify about how improper interview techniques adversely affect the reliability of a child witness' statements and by not having H.J. or

8

N.J. testify at the motion for new trial. The district court's journal entry thoroughly and correctly addressed the denial of Tiger's ineffectiveness of counsel claims against his motion counsel. We find Tiger's claims on these issues lack merit, and we affirm the district court's well-reasoned decision on these issues.

*Appellate counsel did not provide ineffective assistance of counsel.*

Tiger contends his appellate counsel was ineffective for failing to raise two issues on appeal—a speedy trial issue on its merit and the district court's sua sponte decision to give a voluntary intoxication instruction. The record does not support these claims and both issues were carefully and correctly addressed by the district court in its journal entry. Tiger's arguments on appeal are without merit. We affirm the district court's decision on these issues.

*Tiger's 60-1507 counsel was not ineffective.*

Tiger next claims his 60-1507 motion attorney provided ineffective assistance of counsel. He raises multiple claims of error. First, he argues his 60-1507 counsel was ineffective for failing to argue he was denied the right to confront his accuser at trial because she did not have an independent recollection of the alleged crimes. Second, Tiger alleges his 60-1507 counsel was ineffective for failing to present "proof" of his innocence to the district court. Finally, Tiger contends his 60-1507 counsel was ineffective for failing to amend his petition to raise three additional claims of ineffective assistance of appellate counsel.

A 60-1507 movant has no constitutional right to effective counsel. Even so, there is a statutory right to effective counsel. Once counsel is appointed in a 60-1507 proceeding, the appointment should not be a "useless formality." *Robertson v. State*, 288 Kan. 217, 228, 201 P.3d 691 (2009).

Tiger raises this issue for the first time on appeal. Normally, an appellate court will not consider an allegation of ineffective assistance of counsel raised for the first time on appeal. *State v. Dull*, 298 Kan. 832, 839, 317 P.3d 104 (2014). That said, in *Robertson*, the Kansas Supreme Court noted this general rule was not applicable to the statutory right to counsel on a 60-1507 motion. Instead, if the quality of the 60-1507 attorney's assistance is determinable from the record, an appellate court may address the issue without first remanding to the district court. 288 Kan. at 227-28. This record is sufficient to determine whether Tiger's 60-1507 attorney provided ineffective assistance of counsel.

> "[T]o establish ineffective assistance of either 60-1507 counsel or trial counsel, [the movant] must show: "'(1) counsel's performance was deficient, which means counsel made errors so serious that counsel's performance was less than that guaranteed by the Sixth Amendment, and (2) the deficient performance prejudiced the defense, which requires showing counsel's errors were so serious they deprived the defendant of a fair trial."' [Citations omitted.]" *Mundy v. State*, 307 Kan. 280, 296, 408 P.3d 965 (2018).

To satisfy the first prong, 60-1507 counsel "must, within the stricture of required candor to the court and other ethical rules, pursue relief for the client." *Robertson*, 288 Kan. at 229. Yet, the *Robertson* court also clarified: "If this requires counsel to stand silent or merely to submit the case on the written arguments of that client, so be it." 288 Kan. at 229. Under the second prong, the test for prejudice is the same. 288 Kan. at 232. The defendant must show a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different, with a reasonable probability meaning a probability sufficient to undermine confidence in the outcome. *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015).

*Right to Confront Witness*

Tiger argues his 60-1507 counsel was ineffective for failing to argue the district court violated his Sixth Amendment right to confront witnesses against him because T.J. "had no independent recollection" of the incident. This argument lacks merit.

This court's review of issues arising under the Confrontation Clause of the Sixth Amendment to the United States Constitution is unlimited. *State v. Leshay*, 289 Kan. 546, 547, 213 P.3d 1071 (2009). The Confrontation Clause guarantees an opportunity for cross-examination, nothing more. *United States v. Owens*, 484 U.S. 554, 559, 108 S. Ct. 838, 98 L. Ed. 2d 951 (1988). "The weapons available to impugn the witness' statement when memory loss is asserted will of course not always achieve success, but successful cross-examination is not the constitutional guarantee." 484 U.S. at 560.

Tiger cites *State v. Lomax & Williams*, 227 Kan. 651, 608 P.2d 959 (1980), to argue T.J.'s lack of independent recollection made her an unavailable witness, thus denying his Sixth Amendment right to confront her. In *Lomax*, the witness was evasive and responded she did not remember anything to every question asked. While reversing the conviction, the Kansas Supreme Court noted:

> "We interpret the evidentiary record to establish a clear case where a witness simply
> refused to testify at the trial, using as a vehicle a claim that she could not remember what
> happened. This is not a case where a witness, acting in good faith, was unable to testify as
> to the subject matter of her prior statement because, through no fault of her own, she had
> lost her memory in regard to such events." 227 Kan. at 661-62.

*Lomax* is distinguishable because T.J. was willing to testify and, in fact, did testify. While T.J. testified she was sleeping when she was sexually abused, she also testified to waking up with her pajama pants and underwear pushed down around her feet and her shirt and bra above her chest. Tiger's trial counsel extensively cross-examined

11

T.J. and elicited testimony that T.J. first denied anything occurred. On cross-examination, T.J. reiterated she believed she was sleeping when Tiger sexually abused her. Since Tiger had the opportunity to cross-examine T.J., his Sixth Amendment rights were not violated. As a result, Tiger's 60-1507 counsel was not ineffective for failing to raise this argument at the 60-1507 hearing.

*Failure to Present Evidence of Innocence*

Tiger further contends his 60-1507 counsel was ineffective because the victim recanted her testimony and counsel failed to present this evidence of his innocence to the district court.

This claim of error lacks support in the record. First, other than Tiger's bald assertion, there is no evidence Tiger's 60-1507 counsel was aware of the alleged recantation at the time of the hearing on the 60-1507 motion. Second, T.J.'s alleged statement reads: "'I was scared when they took me downtown without my parent and questioned me they kept asking what happened so I finally told them what they wanted me to say.'" *Tiger II*, 2018 WL 671374, at *1. The *Tiger II* panel examined the same alleged recantation in the context of a motion for new trial. It noted T.J.'s alleged statement was not a recantation:

> "If that note is indeed T.J.'s statement, it is not a recantation by her. 'Recantation occurs when a witness formally or publically withdraws or renounces prior statements or testimony.' *State v. Warren*, 302 Kan. 601, 617, 356 P.3d 396 (2015). Here, this statement did not withdraw or renounce her prior testimony. It simply says that she told the officers what they wanted to hear. It does not say she lied. She does not say the acts did not occur, nor that she was making this up." *Tiger II*, 2018 WL 671374, at *2.

T.J.'s statement is not a recantation. Tiger's 60-1507 counsel was not ineffective for failing to make the district court aware of T.J.'s statement that was not a recantation.

12

*Failure to Amend His Pro Se Motion*

Third, Tiger asserts his 60-1507 counsel was ineffective for failing to:

- argue his appellate counsel was ineffective for failing to argue the district court erred in admitting evidence of prior bad acts;
- amend his motion to allege appellate counsel was ineffective for failing to argue the State improperly used a memorandum to refresh T.J.'s memory, coercing her into giving perjured testimony; and
- allege his appellate counsel was ineffective for failing to argue an eyewitness evidence instruction was necessary.

To establish ineffective assistance of counsel on appeal, a defendant must show that (1) counsel's performance, based upon the totality of the circumstances, was deficient in that it fell below an objective standard of reasonableness, and (2) the defendant was prejudiced to the extent that there is a reasonable probability that, but for counsel's deficient performance, the appeal would have been successful. *Miller v. State*, 298 Kan. 921, 930-31, 934, 318 P.3d 155 (2014). The failure of appellate counsel to raise an issue on appeal is not, per se, ineffective assistance of counsel. See *State v. Shelly*, 303 Kan. 1027, 1044-45, 371 P.3d 820 (2016).

*Prior Bad Acts*

Tiger argues his 60-1507 counsel failed to amend Tiger's 60-1507 motion to allege his appellate counsel was ineffective for failing to argue the district court erred in admitting evidence of prior bad acts. This argument lacks merit. At a bench conference during trial, the prosecutor asked Tiger's trial counsel if she was "okay" with C.J. testifying that Tiger crawled into bed and was touching her until she told him no. Tiger's trial counsel replied: "I think touching her would be a legal—nothing 60-455 about that.

13

No indication that after she said no he continued to try to make advances on her that would rise to a criminal act on his part." She did not raise a contemporaneous objection to the admission of evidence.

Even assuming evidence of Tiger's sexual advances toward C.J. implicated K.S.A. 2011 Supp. 60-455—it clearly does not—if appellate counsel had argued the district court erred in admitting the evidence, Tiger would not be entitled to relief. K.S.A. 60-404 generally precludes an appellate court from reviewing an evidentiary challenge absent a timely and specific objection made on the record. *State v. Dupree*, 304 Kan. 43, 62, 371 P.3d 862, *cert. denied* 137 S. Ct. 310 (2016). If Tiger's appellate counsel had included the issue, this court would not have granted relief. Tiger's trial counsel did not make a contemporaneous objection because at the time of the trial, she agreed and understood that, based on the facts, it was admissible evidence. There is no reasonable probability Tiger's appeal would have been successful if his appellate counsel had argued the district court erred in admitting evidence of his touching of C.J. Appellate counsel was not ineffective. Thus, Tiger's 60-1507 counsel was not ineffective for failing to amend the pleading to allege appellate counsel was ineffective.

*Perjured Testimony*

Next, Tiger asserts his 60-1507 counsel was ineffective for failing to amend Tiger's 60-1507 motion to allege appellate counsel was ineffective for failing to argue the State improperly used memoranda to refresh T.J.'s memory. He contends the use of the memoranda resulted in T.J. giving perjured testimony. Tiger argues T.J. clearly "had no recollection of events." These arguments are without merit.

> "Regarding the use of memoranda to refresh the memory of a witness, the rule is
> well established that '[a] witness while testifying, or prior thereto, may refresh his
> recollection by reference to any memoranda relating to the subject matter, provided he

14

then has an independent recollection of the subject matter.' [Citations omitted.]" *State v. Stinson*, 43 Kan. App. 2d 468, 478, 227 P.3d 11 (2010).

In addition, as long as the witness testifies from an independent recollection of the events after refreshing his or her memory, the document's authorship is unimportant; the witness' testimony is the evidence. *State v. Kelly*, 19 Kan. App. 2d 625, 629, 874 P.2d 1208 (1994). "[W]hen counsel uses a document to refresh a witness' recollection and the witness then testifies, the witness is always subject to challenge by opposing counsel through objection or cross-examination if, in fact, the witness' memory is not refreshed and the witness is simply testifying from the document." 19 Kan. App. 2d at 629.

Here, as the State correctly notes, it did not refresh T.J.'s memory at trial. Instead, sometime before trial, T.J. apparently reviewed the transcript of what she told the police. Although T.J. testified she "looked over the sheet that [the prosecutor] gave [her] and . . . realized what happened," she identified the document as a transcript of her conversation with police. She also recalled speaking with police and telling them the things in the transcript. T.J. also said she knew what happened to her because she could feel Tiger "moving and stuff" and could "feel what he was doing to [her]."

Furthermore, while T.J. first told C.J. and police Tiger did not touch her, there is no evidence T.J. gave perjured testimony. She testified she was telling the truth because her father told her to and no one told her what to say except the truth. In addition, despite Tiger's assertions otherwise, T.J.'s alleged recantation is not a recantation; it states she told the police what they wanted to hear without saying she lied, the acts did not occur, or that she made up the allegations against Tiger.

There is no reasonable probability Tiger's appeal would have been successful if his appellate attorney had argued the use of memoranda to refresh T.J.'s memory coerced her into giving perjured testimony. T.J. reviewed a transcript of her statement to police before

15

the trial and recalled telling them the things in the transcript. Additionally, there is no evidence T.J. perjured herself in her trial testimony. Tiger's 60-1507 counsel was not ineffective for failing to raise this issue to the district court. Thus, Tiger's 60-1507 counsel was not ineffective for failing to amend Tiger's 60-1507 motion to include this allegation.

*Cautionary Eyewitness Identification Instruction*

Finally, Tiger argues his 60-1507 counsel was ineffective for failing to argue his appellate counsel was ineffective for not arguing a cautionary eyewitness identification instruction was warranted. This argument lacks merit. The Kansas Supreme Court "has previously held the cautionary eyewitness identification instruction is not required when the witness was personally familiar with the defendant because there is not a substantial likelihood of misidentification." *State v. Mitchell*, 294 Kan. 469, 482, 275 P.3d 905 (2012). C.J. had been in a dating relationship with Tiger, and Tiger was T.J.'s uncle. There was not a substantial likelihood of misidentification. There is no reasonable probability Tiger's appeal would have been successful if his appellate attorney had argued the district court erred by failing to give a cautionary eyewitness identification instruction—there was no reasonable basis for it to have been given based on the family relationship and the facts of this case. Since Tiger's appellate counsel was not ineffective, his 60-1507 counsel was not ineffective for failing to argue appellate counsel was ineffective.

*The district court's order sufficiently complies with Rule 183(j).*

Tiger argues the district court failed to comply with Kansas Supreme Court Rule 183(j) because it did not make sufficient findings of facts or conclusions of law on one of the issues in his 60-1507 motion. He contends *In re B.M.B.*, 264 Kan. 417, Syl. ¶ 2, 955 P.2d 1302 (1998)—which prohibits custodial interrogation of juveniles under the age of

16

14 without the opportunity to consult with a parent or guardian—applies to the 10-year-old victim in this case. Tiger asserts the district court's finding that *In re B.M.B.* did not apply under these facts was insufficient. It is not.

Rule 183(j) (2018 Kan. S. Ct. R. 225) states: "The court must make findings of fact and conclusions of law on all issues presented." A party, however, must object to inadequate findings and conclusions to preserve an issue for appeal. Such objections necessarily give the district court an opportunity to correct any alleged inadequacies. See *McIntyre v. State*, 305 Kan. 616, 618, 385 P.3d 930 (2016). Whether the district court complied with Rule 183(j) is a question of law. *Robertson*, 288 Kan. at 232. If the district court failed to comply with Rule 183(j), an appellate court will remand for further findings of fact and conclusions of law unless the district court's failure to comply does not impede appellate review. See *Robertson*, 288 Kan. at 232-33.

The State contends Tiger did not object to the inadequate findings of fact and conclusions of law. In his reply brief, Tiger suggests he requested adequate findings of fact under Rule 183(j) in his motion to amend the motion for reconsideration. He did. Thus, we will review the issue.

Tiger's 60-1507 motion alleged his trial counsel was ineffective for failing to move to suppress the victim's statements resulting from police coercion. The district court denied this portion of Tiger's 60-1507 motion:

> "This allegation is denied without an evidentiary hearing. T.J.'s statements were not coerced by police. The credibility of T.J.'s statements is a matter for the trier of fact. The statements were not illegally obtained and therefore, should not be suppressed. The case cited by movant, *In re B.M.B.*, 246 Kan. 417, 955 P.2d 1302 (1998), does not apply to the facts in this case."

17

Tiger acknowledges the district court made a conclusion of law when it determined *In re B.M.B.* did not apply. However, he argues the district court's ruling failed to comply with Rule 183(j) because the district court failed to make findings of fact to support the conclusion of law.

While the district court did not specifically make findings of fact supporting this portion of its decision, the district court's failure does not impede appellate review. In *In re B.M.B.*, the Kansas Supreme Court held:

> "[A] juvenile under 14 years of age must be given an opportunity to consult with his or her parent, guardian, or attorney as to whether he or she will waive his or her rights to an attorney and against self-incrimination. Both the parent and juvenile shall be advised of the juvenile's right to an attorney and to remain silent. *Absent such warning and consultation, a statement or confession cannot be used against the juvenile at a subsequent hearing or trial*." (Emphasis added.) 264 Kan. at 432-33.

While T.J. was under the age of 14, she was the victim and not the accused. *In re B.M.B.* prevents the State from using T.J.'s statement against *her*. Nothing in *In re B.M.B.* suggests T.J.'s statement cannot be used against Tiger. As a result, the district court correctly concluded *In re B.M.B.* does not apply to these facts and sufficiently complied with Kansas Supreme Court Rule 183(j).

Affirmed.

18