No. 77–1545. MCKETHAN *v.* UNITED STATES; and

No. 77–1557. GARNER *v.* UNITED STATES. C. A. 4th Cir. Certiorari denied. Reported below: 574 F. 2d 1141.

MR. JUSTICE STEWART, with whom MR. JUSTICE MARSHALL joins, dissenting.

These petitioners contend that the admission into evidence at their trial of the grand jury testimony of an unavailable witness violated both the Federal Rules of Evidence and the Sixth Amendment. The Courts of Appeals have differed as to the admissibility of such evidence in similar cases. I would grant certiorari to resolve these questions.[1]

---

[1] Garner also contends that the prosecution proved that he participated in no more than one conspiracy. Thus, he argues that he should not have received consecutive sentences after conviction on the two con-

The petitioners were convicted of conspiracy and substantive offenses stemming from their alleged importation of heroin. An alleged accomplice named Robinson was allowed to plead guilty to two lesser offenses in return for his testimony against the petitioners before a grand jury. The prosecution intended to rely heavily on Robinson's testimony at the petitioners' trial. Before the trial, however, Robinson stated that he would not testify. Although the court granted Robinson use immunity, he persisted in his refusal to testify. Over the petitioners' objections, the trial judge then admitted the transcript of Robinson's grand jury testimony under Fed. Rule Evid. 804 (b)(5).[2] After this transcript was read to the trial jury, Robinson did take the witness stand. He stated that he knew the petitioners and that his grand jury testimony had been false. The Court of Appeals characterized his comments as

"giv[ing] one the general impression not that the grand jury testimony was false but that, whatever pressures were brought upon him, [he] was unwilling to testify,

_____

spiracy counts. I believe the Court of Appeals properly decided this issue, and would limit the grant of certiorari to the evidentiary question.

[2] Rule 804 (b)(5) provides:

"(b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness: . . .

.            .            .            .            .

"(5) Other exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant."

.

and particularly unwilling to say anything which would incriminate either of these defendants." 574 F. 2d 1141, 1143 (1978).

The grand jury testimony was the main support for the jury's guilty verdict against one of the petitioners, and an important part of the prosecution's case against the other.

A divided panel of the Court of Appeals for the Fourth Circuit affirmed the petitioners' convictions, concluding that neither the Federal Rules of Evidence nor the Confrontation Clause barred the admission of Robinson's grand jury testimony because it possessed "strong indicators of reliability." *Id.*, at 1144. The Court of Appeals found that Robinson's story was corroborated by testimony at the trial from another member of the alleged conspiracy and by documentary evidence of the petitioners' overseas travels.

Although they are not coextensive, the Confrontation Clause and the hearsay rule "stem from the same roots." *Dutton* v. *Evans*, 400 U. S. 74, 86 (1970). Considered under either the Sixth Amendment or the Federal Rules of Evidence, I have grave doubts about the admissibility of Robinson's grand jury testimony.

That the evidence was first given before a grand jury adds little to its reliability. In grand jury proceedings, the ordinary rules of evidence do not apply. Leading questions and multiple hearsay are permitted and common. Grand jury investigations are not adversary proceedings. No one is present to cross-examine the witnesses, to give the defendant's version of the story, or to expose weaknesses in the witnesses' testimony.

The only factor that generally makes grand jury testimony more trustworthy than other out-of-court statements is the fact that it is given under oath. The witnesses speak under the threat of prosecution for material false statements. But that usual indication of trustworthiness was missing here.

Robinson recanted his grand jury testimony at the trial. By disclaiming under oath his earlier sworn statements, he put himself in a position where one of his two sworn statements had to be false. Without further proof, Robinson would appear to have violated federal law, and, after the petitioners' trial, the Government did, indeed, indict Robinson for violation of 18 U. S. C. § 1623. The charges were dismissed only after he pleaded guilty to a contempt citation.

The Courts of Appeals are struggling with the problem of the admissibility of hearsay evidence not falling within one of the traditional exceptions to inadmissibility. The Fourth Circuit has taken a relatively liberal view of the admissibility of grand jury testimony, both in this case and in *United States* v. *West*, 574 F. 2d 1131 (1978). In a similar situation the Fifth Circuit concluded that grand jury testimony was inadmissible. *United States* v. *Gonzalez*, 559 F. 2d 1271 (1977). Before the adoption of the Federal Rules of Evidence, the Second Circuit held that the use of grand jury testimony in a situation like this violated both the hearsay rule and the Sixth Amendment. *United States* v. *Fiore*, 443 F. 2d 112 (1971). The Eighth Circuit, in a case in which the grand jury witness had not recanted his testimony, allowed the grand jury testimony to be admitted. *United States* v. *Carlson*, 547 F. 2d 1346 (1976).

While those cases may be factually distinguishable, the conflict in interpretation among the Circuits remains.[3] In some Circuits Rule 804 (b)(5) is being used to admit grand jury testimony when the witness is unavailable at trial; in others, it is not. Here, the witness recanted his grand jury testimony under oath at the trial, yet it was the crucial evidence in these petitioners' convictions.

I would grant certiorari to determine the limits placed upon

---

[3] It seems to me open to serious doubt whether Rule 804 (b)(5) was intended to provide case-by-case hearsay exceptions, rather than only to permit expansion of the hearsay exceptions by categories.

the admissibility of this kind of evidence by either the Federal Rules of Evidence or the Constitution.