**Mun PHAN, Plaintiff,**

v.

**TRINITY REGIONAL HOSPITAL, Defendant.**

**No. C 96–3152–MWB.**

United States District Court, N.D. Iowa, Central Division.

April 17, 1998.

Blake Parker of Blake Parker Law Office, Fort Dodge, IA, for Mun Phan.

Stuart J. Cochrane of Johnson, Erb, Bice, Kramer, Good & Mulholland, P.C., Fort Dodge, IA, for Trinity Regional Hosp.

## MEMORANDUM OPINION AND ORDER REGARDING THE PARTIES' MOTIONS IN LIMINE AND PLAINTIFF'S MOTION FOR REAL TIME REPORTING OF PLAINTIFF'S TESTIMONY

BENNETT, District Judge.

Both of the parties have filed motions in limine in this lawsuit involving allegations of race discrimination and retaliation by a Vietnamese food service worker against her former employer, a regional hospital. Plaintiff Mun Phan alleges race discrimination in defendant Trinity Regional Hospital's failure to promote her to full-time relief cook and retaliation by the Hospital against her for filing a claim of race discrimination. Mun Phan asserts that the Hospital's conduct violated both Title VII of the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. § 2000e, and the Iowa Civil Rights Act (ICRA), Iowa Code Ch. 216. This matter is scheduled for trial beginning April 27, 1998.

On March 4, 1998, Mun Phan filed a motion in limine seeking to preclude evidence concerning her administrative charge with the Iowa Civil Rights Commission. She contends that, although administrative findings with respect to claims of race discrimination are generally admissible under Federal Rule of Evidence 803(8)(C), in this case, there was no examination of the facts by the administrative agency, and hence there were no "relevant" administrative findings. Although the case was selected for mediation, Mun Phan instead requested and received a right-to-sue letter, and the administrative case was closed when she filed suit in federal court. Mun Phan also seeks to preclude evidence of any settlement offers or demands pursuant to Federal Rule of Evidence 408. The Hospital has never resisted Mun Phan's motion in limine.

On March 16, 1998, Trinity Regional Hospital filed its own motion in limine. The Hospital seeks to preclude evidence that the person promoted over Mun Phan, Sandy Lampe, made statements to other Hospital

employees that she was offered the full-time relief cook position for which Mun Phan had also applied prior to January 23, 1996, the date on which Mun Phan and Lampe were both interviewed for the position. The Hospital contends that these purported statements by Lampe, proffered through other witnesses, would constitute hearsay or double hearsay under Federal Rule of Evidence 801 and 802, and they do not fall within any hearsay exception set out in Federal Rules of Evidence 803 or 804. Mun Phan contends that statements Lampe made in an affidavit—that she may have said something like she had been offered a position, although not the specific promotion in question—are admissible as admissions against interest. Mun Phan contends further that Lampe's statements proffered through other witnesses who heard Lampe's statements about getting the promotion are not hearsay, because Lampe was an agent for the defendant, those statements are inconsistent with Lampe's current testimony, and the statements were made by a party-opponent.

The third motion at issue is Mun Phan's request that the court reporter's real time transcript of Mun Phan's trial testimony be displayed on a video monitor for the jury. Mun Phan asserts that she understands and speaks English, but she speaks with an accent that may lead to misunderstandings of her answers to questions unless the jury can refer to the simultaneous transcription of her testimony. She states that it is her understanding that the necessary technology to display a transcript of her testimony in real time is already available in the courtroom. Therefore, she argues that her request should be granted to insure the fairness of the proceedings. The Hospital has resisted this request on the grounds that the jury should see and hear Mun Phan as the Hospital's employees have seen and heard her, that real time reporting is unnecessary, because Mun Phan can be understood, and that real time reporting would be a distraction from the jury's opportunity to view the witness and would unduly emphasize the transcription over other aspects of live testimony.

The court heard telephonic arguments on these motions on April 14, 1998. In this ruling, the court will consider each item raised by the parties *seriatim.*

First, Mun Phan has moved to preclude evidence concerning her administrative charge with the Iowa Civil Rights Commission, because the agency made no factual findings at all. The Eighth Circuit Court of Appeals leaves to the "sound discretion of the trial court" whether, in an employment discrimination case, to admit or exclude administrative findings, such as EEOC investigation matters. *Doss v. Frontenac,* 14 F.3d 1313, 1318 (8th Cir.1994) (citing *Johnson v. Yellow Freight Sys., Inc.,* 734 F.2d 1304 (8th Cir.), *cert. denied,* 469 U.S. 1041, 105 S.Ct. 525, 83 L.Ed.2d 413 (1984)); *Estes v. Dick Smith Ford, Inc.,* 856 F.2d 1097, 1105 (8th Cir.1988) (also citing *Johnson* ); *Johnson,* 734 F.2d at 1308–10. Such findings are admissible under the hearsay exception for public records provided in FED. R. EVID. 803(8)(C), *Johnson,* 734 F.2d at 1309 (citing *Chandler v. Roudebush,* 425 U.S. 840, 863 n. 39, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976)), but they may be excluded " 'if sufficient negative factors are present.' " *Id.* (quoting FED. R. EVID. 803(8)(C), Notes of Advisory Committee on Proposed Rules). The court must "ensure that unfair prejudice does not result from a conclusion based on a cursory EEOC review of the very facts examined in depth at trial." *Estes,* 856 F.2d at 1105.

In this case, Mun Phan contends that there are simply no administrative findings to admit and therefore no reason to refer to the administrative proceedings at all. The court agrees that any administrative findings are not simply "cursory," *Estes,* 856 F.2d at 1105, but altogether absent. Although the court would have the discretion to admit or exclude administrative findings, if there were any, *Doss,* 14 F.3d at 1318; *Johnson,* 734 F.2d at 1309, where such findings are lacking, reference to the administrative process or its conclusion is simply not relevant, FED. R. EVID. 401, and must be excluded pursuant FED. R. EVID. 402. Indeed, the Hospital has never resisted this part of Mun Phan's motion in limine. Therefore, this part of Mun Phan's motion in limine will be granted. The parties, their attorneys, and witnesses will be directed to avoid reference to administrative find-

ings or proceedings concerning Mun Phan's discrimination charge, or the termination of the administrative process, apart from the fact and timing of Mun Phan's administrative charge as those facts are relevant to Mun Phan's retaliation claim.

Next, Mun Phan seeks to exclude evidence of any settlement offers or demands pursuant to FED. R. EVID. 408. The rule cited provides as follows:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, *is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible.* This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

FED. R. EVID. 408 (emphasis added). Thus, evidence of settlement offers, demands, or negotiations are not admissible here, until and unless the Hospital demonstrates that any evidence of settlement offers or demands is admissible under one of the exceptions stated in this rule. *Id.* The Hospital has never attempted to assert such an exception is applicable here, because the Hospital has never resisted this part of Mun Phan's motion in limine. Therefore, this part of Mun Phan's motion in limine will be granted. The parties, their attorneys, and witnesses will directed to avoid reference to settlement offers or demands.

■ Turning to the Hospital's motion in limine, the Hospital seeks to exclude as inadmissible hearsay or double hearsay testimony that Sandy Lampe made statements to other Hospital employees that she was offered the full-time relief cook position for which Mun Phan had also applied prior to the date on which Mun Phan and Lampe were both interviewed for the position. Mun Phan asserts that this evidence is admissible under various exceptions to the hearsay rule.

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801. Hearsay generally is not admissible unless it falls within exceptions identified by the Federal Rule of Evidence. FED. R. EVID. 802. Double hearsay, or "hearsay included within hearsay," "is not excluded under the hearsay rule [Rule 802] if each part of the combined statements conforms with an exception to the hearsay rule provided in [the Federal Rule of Evidence]." FED. R. EVID. 805; *United States v. Ortiz,* 125 F.3d 630, 632 (8th Cir.1997) (where a proffered statement constitutes "double hearsay, it "is inadmissible unless each level of hearsay falls within an exception to the hearsay rule"). Certain statements are defined in Rule 801 as not hearsay; exceptions to the hearsay rule are stated in Rules 803, 804, and 807.

■ Mun Phan appears to distinguish between statements Sandy Lampe made in an affidavit—to the effect that she "may have said something close to the fact that she was offered a position, but will not testify that she stated that she was offered the job," Plaintiff's Resistance To Defendant's Motion In Limine, p. 1, ¶ 2 (citing "Lampe Affidavit")—and statements purportedly made by Lampe to other Hospital employees and then passed on to Mun Phan to which those employees or Mun Phan will testify. The first of these kinds of statements, Lampe's statement in her own affidavit, is not hearsay, because it is a prior statement by the witness made under oath, and may be used by Mun Phan in cross-examination of Lampe, but only to the extent that it is inconsistent with Lampe's testimony at trial. FED. R. EVID. 801(d)(1)(A) (defining as "not hearsay" a "prior statement by witness" if "[t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of

perjury at a trial, hearing, or other proceeding, or in a deposition. . . ."). The statements attributed to Lampe to be offered through Mun Phan or other witnesses, however, are more problematical.

The court concludes first that these statements are indeed hearsay, because they are offered "to prove the truth of the matter asserted," that is, for the proposition that the Hospital offered Lampe the promotion before either of the candidates had been interviewed. FED. R. EVID. 801(c) (defining hearsay). Thus, the court must determine whether the statements are specifically excluded from the definition of hearsay pursuant to Rule 801(d), or fall within one or more of the specific exceptions stated in Rule 803 or Rule 804, or the "residual" hearsay exception of Rule 807.

Mun Phan argues first that Lampe's purported statements offered through the testimony of Mun Phan herself or the testimony of other witnesses are not hearsay, because they are admissions of a party-opponent. The court does not agree. Rule 801 does *exclude from the definition of hearsay an* "admission by party-opponent," but only under certain conditions. FED. R. EVID. 801. First, the statement must be "offered against a party," *id.*, which it is in this case, because it is offered against the Hospital. Second, the statement must be one of the following:

(A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (E) a statement by a conspirator of a party during the course and furtherance of the conspiracy.

FED. R. EVID. 801(d)(2). Lampe's statements clearly were not made by a party, because the defendant here is the Hospital, not Lampe. FED. R. EVID. 801(d)(2)(A). Nor, at this point, is it apparent that the Hospital ever adopted Lampe's statement. FED. R. EVID. 801(d)(2)(B). Furthermore, it does not appear that Lampe was authorized by the Hospital to make any statement concerning who would fill the relief cook position, *see* FED. R. EVID. 801(d)(2)(C), and there is no allegation that Lampe and the Hospital were "co-conspirators." *See* FED. R. EVID. 801(d)(2)(E). Mun Phan, however, asserts that the statement was made by Lampe as an agent of the Hospital. *See* FED. R. EVID. 801(d)(2)(D).

If the testimony involves statements by agents of the Hospital regarding activities within the scope of their employment, they are admissible pursuant to FED. R. EVID. 801(d)(2)(D). *See EEOC v. HBE Corp.*, 135 F.3d 543, 552 (8th Cir.1998); *see also Bevan v. Honeywell, Inc.*, 118 F.3d 603, 611 (8th Cir.1997) (citing with approval *Thomas v. International Business Machines*, 48 F.3d 478, 485 (10th Cir.1995), for the proposition that if the witness is testifying to what an authorized agent of the employer said, the statement is an admission of a party opponent). The court is not convinced, at this stage of the proceedings, that Lampe was an authorized agent of the Hospital with respect to announcing who would fill the relief cook position. *Bevan*, 118 F.3d at 611. Nor is the court convinced that Lampe's purported statement that she had already been selected for the relief cook position prior to January 23, 1996, was made within the scope of Lampe's employment, because it has nothing whatever to do with the duties of Lampe's position at the time. *Compare HBE Corp.*, 135 F.3d at 552 (the trial court properly admitted testimony of hotel employees concerning directions they received from the "controlling figure" in the operation of the hotel not to hire black people for certain positions, because the employees were all testifying about personnel decisions within the scope of the "controlling person's" authority). Thus, the question becomes whether Lampe's purported statements proffered through Mun Phan or other witnesses fall within a hearsay exception.

Mun Phan argues that Lampe's statements fall within an exception to the hearsay rule, because they are statements against the Hospital's interest. *See* FED. R. EVID.

804(b)(3). Once again, this argument assumes an identity of the Hospital and Lampe, which this court does not accept, apparently on the assumption that an employee is always an agent of the employer for everything the employee might do. Leaving that issue aside, however, the statement cannot fit within an exception stated in Rule 804, because those exceptions are only available if the declarant is "unavailable," FED. R. EVID. 804(b), and Lampe is not "unavailable" as that term is defined in Rule 804(a). Thus, Rule 804 exceptions are not applicable to the hearsay testimony in question.

Nor, if the availability of the declarant was not a bar to a Rule 804 exception, can the statement be deemed to be a "statement against interest," because such a statement must be one "which was *at the time of its making* so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability ... that a reasonable person in the declarant's position would not have made the statement unless believing it to be true." FED. R. EVID. 804(b)(3) (emphasis added). Although litigation has resulted from the Hospital's decision to promote Lampe instead of Mun Phan, at the time Lampe allegedly made the statement that she had already been offered the position, it was not clear that the statement was so contrary to the Hospital's interest, or so likely to subject it to civil liability for race discrimination, as to meet the requirements of the rule. *Id.* Even if the Hospital might now wish Lampe had never made such a statement, it cannot be assumed that Lampe, the actual speaker, could have recognized the statement to be sufficiently contrary to the Hospital's interest at the time it was made as to fit the hearsay exception for a "statement against interest." *Id.*

■ During the oral arguments on this motion, the court suggested that the testimony in question might be admissible pursuant to FED. R. EVID. 803(3), the so-called "state of mind" exception. Although Mun Phan adopted this suggestion, the Hospital disputed the applicability of Rule 803(3) on the ground that the statement in question did not have to do either with Lampe's intent or feelings.

Rule 803(3) excepts from the hearsay rule the following:

(3) **Then existing mental, emotional, or physical condition.** A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief that prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

FED. R. EVID. 803(3). Thus, the Eighth Circuit Court of Appeals has explained, "'A declarant's out-of-court statement of intention is admissible to prove that the declarant subsequently acted in conformity with that intention, if the doing of that act is a disputed material fact.'" *Firemen's Fund Ins. Co. v. Thien,* 8 F.3d 1307, 1312 (8th Cir.1993) (quoting *United States v. Calvert,* 523 F.2d 895, 910 (8th Cir.1975), *cert. denied,* 424 U.S. 911, 96 S.Ct. 1106, 47 L.Ed.2d 314 (1976), which in turn cites *Mutual Life Ins. Co. v. Hillmon,* 145 U.S. 285, 12 S.Ct. 909, 36 L.Ed. 706 (1892), and FED. R. EVID. 803(3)).

In *United States v. Dolan,* 120 F.3d 856 (8th Cir.1997), a case in which the defendant was prosecuted for concealing bankruptcy estate property, the Eighth Circuit Court of Appeals held that the trial court had properly admitted pursuant to Rule 803(3) the testimony of the debtor's office manager that the debtor had said he had the defendant "by the balls." *Dolan,* 120 F.3d at 869. The appellate court held that the statement was admissible as showing the debtor's "then existing state of mind indicating a plan, motive, and design concerning his transactions and relationship with [the defendant]." *Id.*

However, the admissible statement in *Dolan* should be contrasted with statements the Eighth Circuit Court of Appeals found inadmissible under Rule 803(3) in *Firemen's Fund Ins. Co. v. Thien,* 63 F.3d 754 (8th Cir.1995). In that case, which concerned an insurer's or a co-employee's liability for the death of another employee, the proffered hearsay was testimony of witnesses that the

decedent had said he had been or was going to be laid off from his employment. *See Firemen's Fund Ins. Co. v. Thien,* 63 F.3d 754, 760 (8th Cir.1995). In that case, the court of appeals wrote,

> We find, however, that the statements the Benedicts seek to have admitted are offered to prove the fact remembered or believed, not to show Benedict's state of mind. Excepting one, which we will discuss briefly below, each statement consists of Benedict's stating that he had been or was about to be laid off. These are statements of memory or belief, not of emotion or intent, and the only purpose for which the Benedicts can reasonably be introducing these statements is to prove that Benedict had, in fact, been laid off before the crash, and was therefore not a Mid–Plains employee at the time of the crash. Such statements are not admissible under Rule 803(3), and the district court did not abuse its discretion in excluding the testimony of these witnesses.
>
> The one statement that, from the record before us, appears to be properly admissible under Rule 803(3) is that of Chad Benedict, who had been told by Benedict that he intended to study for his pilot's license and build flying hours during his time off. *See Firemen's Fund,* 8 F.3d at 1313.

*Id.* Thus, as the rule itself states, a hearsay statement concerning what a declarant believes or remembers is not admissible, but a statement of intent to do something offered to prove that the something was later done, is admissible pursuant to Rule 807.

The statement in question here, Lampe's purported statement that she had been offered the promotion to relief cook before the candidates had even been interviewed, falls within the exception to the exception of Rule 803(3), which makes statements concerning the declarant's belief, rather than the declarant's intent or feelings, inadmissible. FED. R. EVID. 803(3); *Firemen's Fund Ins. Co.,* 63 F.3d at 760. Lampe's purported statement that she already had or had been offered the job is a "statement of memory or belief"— her belief that she had been offered the job—offered "to prove the fact remembered

or believed"—the fact that she had indeed already been offered the job. *See* FED. R. EVID. 803(3) (excluding statements of belief from the exception for statements of state of mind); *cf. Firemen's Fund Ins. Co.,* 63 F.3d at 760. Furthermore, the only purpose for which Mun Phan seeks to offer the statements is to prove the very fact that Lampe had already been offered the job and thus the whole interview process was a sham to "go through the motions" of a legitimate employment decision. *Cf. Firemen's Fund Ins. Co.,* 63 F.3d at 760 (rejecting the applicability of Rule 803(3) to testimony offered to show the truth of the thing the declarant stated he believed). Thus, although it was the court's suggestion, Rule 803(3) ultimately does not provide a ground for admission of the disputed testimony.

■ There is, nonetheless, a proper ground for admitting the testimony in question, at least in so far as it is proffered through witnesses who actually heard Lampe's purported statement. That ground is the so-called "residual" or "catchall" hearsay exception of Rule 807, formerly Rule 803(24) and Rule 804(b)(5). Rule 807 provides as follows:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

FED. R. EVID.807. The "not specifically covered" requirement of this rule has caused some confusion, as the Eighth Circuit Court of Appeals has explained:

> The meaning of the catch-all's "specifically covered" language has caused considerable debate. *See, e.g., McKethan v. United States,* 439 U.S. 936, 99 S.Ct. 333, 58 L.Ed.2d 333 (1978) (Justices Stewart and Marshall dissenting from the Court's denial of writs of certiorari and contending that

the Court should resolve the circuit split on this issue). However, the majority of circuit courts have held that the phrase "specifically covered" means only that if a statement is admissible under one of the prior exceptions, such prior subsection should be relied upon instead of subsection (b)(5). If, on the other hand, the statement is inadmissible under the other exceptions, these courts allow the testimony to be considered for admission under Rule 804(b)(5). *United States v. Marchini,* 797 F.2d 759, 763 (9th Cir.1986) (compiling cases); *see United States v. Deeb,* 13 F.3d 1532, 1536–37 (11th Cir.1994); *United States v. Clarke,* 2 F.3d 81, 84 (4th Cir. 1993); *United States v. Guinan,* 836 F.2d 350, 354 (7th Cir.1988).

... [We] hold that if a statement is inadmissible under a prior hearsay exception, the statement may nonetheless be considered for admission under the catch-all exception.

*United States v. Earles,* 113 F.3d 796, 800 (8th Cir.1997). The court clarified further:

> We think that "specifically covered" means exactly what it says: if a statement does not meet the requirements for admission under a prior exception, then it is not "specifically covered" by that exception and can be considered for admission under the catch-all. We agree with the reasoning of the Eleventh Circuit:
>
> > "If a statement does not satisfy all of the requirements of Rule 804(b)(1), then it is not a statement 'covered by [one] of the foregoing exceptions' within the meaning of Rule 804(b)(5). We consider admissible those statements that are similar though not identical to hearsay clearly falling under one of the four codified exceptions, if the statements otherwise bear indicia of trustworthiness equivalent to those exceptions. The contrary reading would create an arbitrary distinction between hearsay statements that narrowly, but conclusively, fail to satisfy one of the formal exceptions, and those hearsay statements which do not even arguably fit into a recognized mold."

*Deeb,* 13 F.3d at 1536–37 (quoting *United States v. Fernandez,* 892 F.2d 976, 981 (11th Cir.1989)).

*Earles,* 113 F.3d at 800 n. 3. Here, Rule 807 may be considered, because the statements in question "do[ ] not meet the requirements for admission under a prior exception," and thus are "not 'specifically covered' by" such an exception. *Id.*

There are several requirements for admissibility pursuant to Rule 807. First, "[t]o be admissible under the catch-all exception, the proffered statement must have circumstantial guarantees of trustworthiness." *Id.* at 800. " 'In assessing the qualitative degree of trustworthiness of a particular statement, courts should inquire into the reliability of and necessity for the statement.' " *Id.* (quoting *Carlson,* 547 F.2d at 1354). Here, several witnesses will testify that Lampe told them that she had the job before the interviews, which both corroborates that Lampe in fact made the statement and suggests the trustworthiness of the statement, because Lampe would be unlikely to make a demonstrably untrue statement about what her employer was going to do to a number of people when she could so easily and so soon be proved wrong by the Hospital promoting someone else to the relief cook position. Although there may have been little necessity for Lampe to make such a statement, these facts adequately fulfill the catch-all rule's requirement that the statement bear circumstantial guarantees of trustworthiness. *Id.*

The other requirements of the residual hearsay exception are also satisfied in this case. A statement that someone else had been offered the job before the candidates were interviewed is evidence of a material fact, specifically, whether the entire interview process was a sham. *See* FED. R. EVID. 807 (requiring that the proffered hearsay be evidence of a material fact). The statement is also more probative on the point for which it is offered than any other evidence that Mun Phan can procure through reasonable efforts, FED. R. EVID. 807(B), because of the unlikeliness that either Lampe or the Hospital will now acknowledge that Lampe had indeed been offered the promotion prior to the interviews. Finally, the general pur-

poses of these rules and the interests of justice will best be served by admission of the statement into evidence, FED. R. EVID. 807(C), because admission of the statement makes it more likely that the jury will ascertain the truth about the circumstances in which Mun Phan was denied the promotion.[1]

■ Therefore, the court concludes that the statements attributed to Lampe may come in through the testimony of other witnesses, albeit not on any ground asserted by Mun Phan. The witnesses who actually heard the purported statement by Lampe may testify to it, as their testimony falls within the residual exception found in Rule 807. Mun Phan, however, cannot testify that other persons told her that they heard Lampe say she had been offered the job, because that would constitute "double hearsay" for which there is no exception applicable to Mun Phan's restatement of another person's statement of Lampe's statement. *See* FED. R. EVID. 805 (double hearsay "is not excluded under the hearsay rule [Rule 802] if each part of the combined statements conforms with an exception to the hearsay rule provided in [the Federal Rule of Evidence]."); *Ortiz*, 125 F.3d at 632 (where a proffered statement constitutes "double hearsay, it is inadmissible unless each level of hearsay falls within an exception to the hearsay rule").

Therefore, Lampe's affidavit may be admissible to impeach Lampe's trial testimony, pursuant to Rule 801(d)(1), and testimony proffered through other witnesses of Lampe's purported statements that she had been offered the position before the candidates were interviewed is admissible pursuant to Rule 807, but Mun Phan's testimony concerning what other persons said Lampe said is not admissible. Consequently, the Hospital's motion in limine to exclude any testimony concerning Lampe's purported statements will be granted only in part, but otherwise denied.

■ Finally, the court will consider Mun Phan's request for real time reporting of her testimony for the benefit of the jury. Al-

though the technology to provide a video display of a real time transcription of Mun Phan's testimony certainly exists in the courtroom, some of the difficulties with simultaneous transcriptions of trial testimony were identified by the United States District Court for the District of Massachusetts:

> The use of the real time computer-displayed transcript by counsel in examining witnesses and by the Court in making evidentiary rulings is obvious to a jury. This ... apparently leads juries to conclude that the complete transcript is readily available.
>
> Frequently juries in this session ask for a full trial transcript. This presents a dilemma because the raw computer imput, while largely accurate given the expertise of the court reporter, has neither been reviewed nor certified. This is a crucial distinction wherever context, numbers, or proper names may be significant, *i.e.*, the raw computer input is *never* a sufficient record of the court proceedings.

*Tavares v. United States*, 914 F.Supp. 732, 733 (D.Mass.1996). Those problems are certainly present here: Many of the names Mun Phan might say in her testimony would ordinarily not be immediately transcribed, and other words may not be immediately transcribed except by characters that would likely mean nothing to the jury. Hence, the resulting real time transcription could be more confusing than helpful to the jury. Furthermore, providing a real time transcription of Mun Phan's testimony would focus undue attention upon but one of the many factors a jury is entitled to consider in assessing a witness's credibility. Finally, if Mun Phan is concerned that her testimony might be misunderstood, she is entitled to employ an interpreter. Ultimately, however, Mun Phan's counsel bears the burden of ensuring that her testimony is presented to the jury in a clear and comprehensible fashion, which may include careful questioning and reiteration of points on which counsel believes Mun Phan's accent has been an im-

---

1. Of course, the jury will be entitled to determine what weight to give the purported statement as proof that the Hospital had indeed given Lampe the promotion before interviewing the candi-

dates. The jury could reasonably conclude that the statement was mere puffery by one of the candidates, not proof that Lampe had in fact been offered the job.

pediment. Mun Phan's request for video display of a real time transcription of her trial testimony will consequently be denied.

THEREFORE, the motions in question are resolved as follows:

1. Mun Phan's motion in limine is **granted.**

 a. The parties, their attorneys, and witnesses are directed to avoid reference to administrative findings or proceedings concerning Mun Phan's discrimination charge, or the termination of the administrative process, apart from the fact and timing of Mun Phan's administrative charge as those facts are relevant to Mun Phan's retaliation claim.

 b. The parties, their attorneys, and witnesses are directed to avoid reference to settlement offers or demands.

2. The Hospital's motion in limine is **granted,** to the extent that Mun Phan's testimony concerning what other persons said Lampe said is not admissible, but the motion is **otherwise denied.** Lampe's affidavit may be admissible to impeach Lampe's trial testimony, pursuant to Rule 801(d)(1), and testimony proffered through other witnesses of Lampe's purported statements that she had been offered the position before the candidates were interviewed is admissible pursuant to Rule 807.

3. Mun Phan's request for video display of a real time transcription of her trial testimony is **denied.**

**IT IS SO ORDERED.**